# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: **NILDA IVELISSE ALMEDA RODRIGUEZ**<br>SSN xxx-xx-1560<br><br>Debtor(s) | CASE NO: **24-02054-ESL**<br><br>**Chapter 13** |
|---|---|

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **05/16/2024**

Days From Petition Date: **131**

910 Days Before Petition: **11/18/2021**

Chapter 13 Plan Date: **09/16/2024** ☐ Amended

This is Debtor(s) 2 Bankruptcy petition.

Payment(s) ☑ Received or ☐ Evidence shown at meeting:

Check/MO# _____

Date: _____ Amount: $ _____

First Meeting Date: **06/21/2024 at 10:20AM**

341 Meeting Date: **09/24/2024 at 11:20AM**

Confirmation Hearing Date: **07/24/2024 at 10:30AM**

Plan Base: **$25,124.00** Plan Docket #**17**

This is the 1 scheduled meeting.

Total Paid In: **$400.00**

---

*APPEREANCES: ☐ Telephone ☑ Video Conference

Debtor: ☑ Present ☐ Absent ☑ ID & Soc. OK          Joint Debtor: ☐ Present ☐ Absent ☐ ID & Soc. OK

☑ Examined     ☐ Not Examined under Oath          ☐ Examined     ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present ☑ Present

Name of Attorney Present (Other than Attorney of Record): _____

☐ Pro-se

☑ Creditor(s) Present          ☑ None

A LOPEZ FEDE COOP

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$4,000.00**     Paid Pre-Petition: **$217.00**     Outstanding (Through the Plan): **$3,783.00**

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months  ☑ Above Median Income 60 months §1325(b)(1)(B)
                                                                    Projected Disposable Income: $ TBD

☐ The Trustee cannot determine debtor's/s' commitment period at this time.

Liquidation Value: $ 874.00    Estimated Priority Debt: $ 0.00

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $874.00

The Trustee:    ☐ NOT OBJECTS    ☑ OBJECTS    Plan Confirmation    Gen. Uns. Approx. Dist.: 69 %

§341 Meeting    ☐ CONTINUED    ☐ NOT HELD    ☑ CLOSED

☐ HELD OPEN FOR ____ DAYS until _____ pursuant to 1308. After this date the meeting is deemed CLOSED.

§341 Meeting Rescheduled for:_____

Access via Zoom 341 Meeting Information Meeting ID: 842 075 7565 Passcode: 8744010630 ***Dedicated Phone: (939) 545-9003.

***As per UST Guideline for ZOOM 341 meeting Debtors and their attorneys must appear by video.

Comments:
_____

*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6) The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

Debtor must submit evidence of post petition income for evaluation (May 2024- September 2024). The Trustee will verify Debtor's Schedule I once such evidence is produced.

Debtor must submit evidence of the maturity date of the retirement loan. The Trustee will verify the step up proposed in the plan.

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

The plan fails to include a provision for FEDECOOP's secured shares.

Section 3.7: Debtor will remove the $49.00 property insurance payment from such section since that matter is addressed in Section 4.6.

[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

Debtor is $322.00 (partial payment) in arrears with the Trustee. The arrears are due to the fact that debtor failed to increase payments from $100.00 to $422.00 on September 2024 as proposed.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

Per evidence submitted for evaluation, Debtor made an average of $750.38 more a month than then amount listed in the Means Test ($3,348.00). The Trustee notes that per pay stubs, Debtor received in addition to her salary $1,753.00 on November, December 2023 and January 2024. Debtor must disclose the reason behind such extra funds.
Debtor's PDI, if any, is subject to change.

Debtor has failed to include the Christmas Bonus in Schedule I ($1,000.00).

*OTHER COMMENTS / OBJECTIONS

NONE.

/s/ Jose R. Carrion, Esq.            Meeting Date: Sep 24, 2024

Trustee

/s/ Nannette Godreau, Esq., Presiding Officer

Last Docket Verified: 18   Last Claim Verified: 8   **Case Administrator: Alexandra Rodriguez**